# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Sean Richard Dunagan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:24-cv-01770-TMC |
| ) | |
| Director Patricia Ray and ) | **ORDER** |
| Sgt. Tamieka Gregg-Wright, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. Summary of Facts and Procedural Posture

Plaintiff Sean Richard Dunagan, a pretrial detainee proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. In his initial complaint, Plaintiff named as defendants Sumter-Lee Regional Detention Center ("SLRDC") where he was detained during the events in question; Director Patricia Ray ("Director Ray"); Sergeant Tamieka Gregg-Wright ("Sgt. Gregg-Wright"); and three other individual defendants who apparently worked at SLRDC. (ECF No. 1). Plaintiff asserted the same claims against all of the defendants: that he was placed in solitary confinement without a disciplinary hearing in violation of his due process rights; that he had no access to a law library or legal resources in violation of his constitutional right of access to the courts; and that the conditions in which he was housed at SLRDC were unsanitary and harsh in violation of the Eighth Amendment. (ECF No. 1).

The magistrate judge issued an order and notice advising Plaintiff of the defects in his complaint and permitting Plaintiff to attempt to cure such defects by filing an amended complaint by June 12, 2024. (ECF No. 11). Specifically, the magistrate judge advised Plaintiff that SLRDC is not a "person" amenable to suit under § 1983; that Plaintiff failed to specifically allege how each individual defendant was responsible for his alleged unconstitutional detention in solitary confinement; that Plaintiff failed to allege that he was injured as a result of his inability to access a law library, noting "[t]he Fourth Circuit Court of Appeals has unambiguously held that local jails, designed for temporary detainment, are generally not required to have a law library," (ECF No. 11 at 6 (citing *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)); and that Plaintiff's claim against Defendants in their supervisory capacities were subject to summary dismissal because a supervisor is not liable under § 1983 for the acts of his employees "absent an official policy or custom that results in illegal action." (ECF No. 11 at 3–7). Plaintiff was warned that the failure to file an amended complaint or the filing of an amended complaint that did not cure the deficiencies identified in the order and notice would result in a recommendation to the district court that the claims be dismissed without leave for further amendment. *Id*. at 7–8.

Plaintiff filed an untimely amended complaint (ECF No. 21), missing the deadline for doing so by well over a month. Out of an abundance of caution, however, the court accepted the amended complaint even though it was filed out-of-time. (ECF No. 23). Other than dropping SLRDC as a defendant and noting that Director Ray "gives commands to other defendants" while Sgt. Gregg-Wright is "down the chain of command," Plaintiff's allegations were unchanged.

Once again, the magistrate judge issued an order and notice advising Plaintiff that his amended complaint contained the same defects as his original complaint in addition to others. (ECF No. 26 at 4–6). As before, the magistrate judge noted that "[a]lthough Plaintiff has failed to

allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment" and advised Plaintiff he could attempt to cure such defects by filing an amended complaint by September 4, 2024. *Id*. at 6–7. Plaintiff was warned again that the failure to meet the filing deadline or the failure to cure the defects in a second amended complaint would result in a recommendation to this court that the claims be dismissed without leave for further amendment. *Id*. at 7.

Plaintiff subsequently filed a second amended complaint. (ECF No. 29). The court accepted the filing even though it was received after the September 4, 2024, deadline. In the second amended complaint, Plaintiff now pursues relief against only Director Ray and Sgt. Gregg-Wright. (ECF No. 29 at 2). He continues to assert the same claims.

Now before the court is the Report and Recommendation ("Report") of the magistrate judge (ECF No. 36), concluding that the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommending the court dismiss this action without further leave to amend. *Id*. at 6. In explaining the recommendation, the magistrate judge noted Plaintiff's second amended complaint continues to suffer precisely the same defects about which Plaintiff had twice been warned. *Id*. at 4–6. Plaintiff filed objections to the Report. (ECF No. 42).[1] The matter is ripe for review by this court.

---

[1] Well after the magistrate judge issued the Report—and well after the objections to the Report were due—the court received more purported amendments to the complaint. (ECF No. 41). Plaintiff was not given permission to further amend the complaint, and the court will not consider another version of Plaintiff's complaint. The court has accepted Plaintiff's previous amended complaints despite the fact that there were filed beyond the deadline for doing so. In fact, in once instance, the court was constrained to recommit the case to the magistrate judge to consider the tardy pleading (ECF No. 21) which the magistrate judge did not have the benefit of considering before issuing the initial report and recommendation. (ECF No. 23). Plaintiff has been afforded a number of opportunities to cure the defects in the complaint but has failed to do so.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### III. Discussion

The court has carefully reviewed the Report and the record under the appropriate standards, as set forth above, and agrees with the conclusions of the magistrate judge. The court has considered Plaintiff's objections to the Report (ECF No. 42) applying *de novo* review. In his objections, Plaintiff essentially repeats his conclusory allegations against Defendants. With respect to Director Ray, Plaintiff's claims appear to be based largely on a theory of supervisory liability. As recognized by the magistrate judge, (ECF No. 36 at 6), Plaintiff has failed to allege facts sufficient to state such a claim. The doctrines of vicarious liability and respondeat superior are generally not applicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); To allege a plausible claim for supervisory liability, Plaintiff must allege facts reflecting (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct

that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has failed to do so.

To the extent Plaintiff objects to the Report's implicit conclusion that Plaintiff's due process claim for unsanitary conditions is subject to summary dismissal, the court rejects this argument as well. Plaintiff reiterates in his objections that he does not enjoy a "regular routine shower" schedule, does not receive "proper recreation" and is not permitted to use cleaning supplies to clean his cell. (ECF No. 42 at 3–4). Plaintiff does not elaborate as to what constitutes "proper" recreation or a sufficiently frequent shower schedule. Without more, Plaintiff has not alleged a constitutional violation. *See, e.g., Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("Not every inconvenience encountered during pretrial detention amounts to punishment in the constitutional sense . . . .").

The court further agrees with the magistrate judge that the mere fact Plaintiff has no access to a law library does not amount to a constitutional violation in view of the fact that he has identified "no specific problem he wished to research and of no actual injury or specific harm which has resulted to him by his limited access to the jail library." *Magee v. Waters*, 810 F.2d at 452; *see, e.g., James v. Faile*, No. 1:13-cv-211-DCN, 2015 WL 1057905, at *4 (D.S.C. March 6, 2015) (noting there is "no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement").

Finally, to the extent plaintiff alleges he was deprived of his constitutional right to a detention hearing prior to being placed in solitary, Plaintiff has failed to allege facts demonstrating that Director Ray and Gregg-Wright were personally responsible or involved in determining *where* Plaintiff should be housed at any time during the events at issue.

Plaintiff's objections are overruled. Thus, the court finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report.

### IV. Conclusion

Accordingly, the court **ADOPTS** the Report which is incorporated herein. This action is hereby **DISMISSED** without prejudice and without issuance and service of process and without further leave to amend. Plaintiff's pending motions (ECF Nos. 28, 43, 48) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Chief United States District Judge

Anderson, South Carolina  
September 3, 2025